TOWNSHIP .OF LAKE *v.* AMERICAN STATE BANK.

BANKS AND BANKING—DEPOSITARIES—CORRESPONDENT BANK—PRINCIPAL AND AGENT—FINDING OF COURT.

In action by township against correspondent bank on theory that deposits had been made in a local bank as correspondent's agent, finding of court that deposits were made with local bank which had been designated as depository and not with it as agent of correspondent is sustained by the great weight of the evidence.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 3, 1934. (Docket No. 9, Calendar No. 37,332.) Decided April 3, 1934.

Action by Township of Lake in Macomb County and others against American State Bank, Peoples Wayne County Bank, First Wayne National Bank and New York Indemnity Company for funds allegedly on deposit with defendant banks. Judgment for defendants. Plaintiffs appeal. Affirmed.

*John H. Yoe,* for plaintiffs.

*Henry F. Massnick (Arthur F. Ritchie,* of counsel), for defendants.

BUTZEL, J. In April, 1930, the township of Lake, plaintiff, by resolution of its board, designated the Lochmoor State Bank of Lochmoor, Michigan, as a depository, and ordered it to furnish a depository bond as required by law (1 Comp. Laws 1929, § 1195). Shortly thereafter large deposits were made therein to the credit of Lake township, Sidney Read, treasurer. On December 3, 1930, an additional

account was opened in the same bank by plaintiff for the deposit of tax collections. At that time plaintiff's officers requested the bank to furnish a depository bond of $100,000. The Lochmoor State Bank was a comparatively small institution and used as its correspondents and depositories the American State Bank, defendant, and the National Bank of Commerce, two large banks in the neighboring city of Detroit. Being itself unable to furnish the bond requested, the Lochmoor Bank undertook to secure a bond through the National Bank of Commerce, but was unsuccessful. It then took the matter up with the American State Bank, whose president wrote the following letter, which was delivered to the plaintiff:

"American State Bank
"Detroit

"Robert M. Allan                December 13, 1930.
        President
"Lake Township,
"Macomb county,
"Michigan.
"*Gentlemen:*

"Please be advised that we will be pleased to furnish $100,000 bond covering such deposits as your township may make with this institution.

"It is entirely agreeable that same may be deposited with the Lochmoor State Bank, as our agent, who will in turn transmit same to our bank.

"Very truly yours,
"Robert M. Allan,

"RMA:B                                President."

Pursuant to this arrangement, the American State Bank, as principal, and the New York Indemnity Company, as surety, executed a bond in the amount of $100,000, unquestionably on the theory that the

American State Bank was to be the depository. The condition recited in this bond is as follows:

"If the principal, which has been or may be selected as the depository of township funds shall during the term beginning on the 22d day of December, A. D. 1930, and ending on the 22d day of December, A. D. 1931, faithfully account for and pay on legal demand all moneys and funds deposited with it by or on behalf of said obligee and shall not suspend payments during said term, then this obligation shall be void, otherwise to be and remain in full force and effect."

No deposits whatsoever were made at any time by plaintiff at the offices of the American State Bank in the city of Detroit. The township continued to make its deposits with the Lochmoor bank as theretofore, using the deposit slips and passbook of that bank, making all withdrawals by checks on the Lochmoor bank, and receiving interest periodically from that bank. The township officers evidently appreciated the fact that some question might arise as to whether they were dealing with the American State Bank, for on December 15, 1930, plaintiff's accountant requested the cashier of the Lochmoor bank to furnish him with the passbook and deposit slips of the American State Bank for the moneys which were being deposited. The cashier, however, informed him that they had neither the passbook nor the deposit slips of the American State Bank, and suggested that the account be continued as it was until that bank should want to make a change. However, no change in the procedure with reference to these accounts was ever made.

The deposits in the Lochmoor bank became increasingly large, and on January 9, 1931, when large additional payments of taxes were about to be made,

the township accountant informed the Lochmoor bank cashier that no further deposits would be made unless the bond of the American State Bank were increased. The latter thereupon requested the cashier of the American State Bank to furnish an additional bond. The testimony is in dispute as to just what conversation was had in this connection. The cashier of the Lochmoor bank testified that he advised the American State Bank cashier that the amount already on deposit was too large, and that an additional bond was therefore necessary. On the other hand, the cashier of the American State Bank denied that anything was said in regard to the amount already deposited. He testified that it was his impression that a larger bond was required because the initial deposits were to be in excess of $100,000. At any rate, the additional bond was never furnished, though large additional deposits were later made with the Lochmoor State Bank.

Both banks subsequently failed. The deposit liability of the American State Bank was assumed by the Peoples Wayne County Bank of Detroit, which in turn was merged into the First Wayne National Bank. The latter two banks have been joined as defendants herein. Plaintiff had on deposit with the Lochmoor State Bank at the time of its closing the sum of $94,906.47, for which demand was made on the Peoples Wayne County Bank and also on the surety. Subsequently, by stipulation between the parties, it was agreed that the township might file its claim with the receiver of the Lochmoor State Bank for the full amount of its loss, without prejudice to any of its rights against the American State Bank. As a result the claim of the township has been considerably reduced by dividends. In view of the stipulation the filing of the claim in this man-

ner has not been considered by us in arriving at our conclusion.

Suit was brought by the township against the American State Bank, the Peoples Wayne County Bank, the First Wayne National Bank, and the New York Indemnity Company, on the theory that all the deposits were made with the American State Bank. The trial judge held that the defendants were not liable and rendered a judgment of no cause of action. We need not consider the claim against the surety company. This question was not briefed, counsel for plaintiff conceding on the oral argument that he considered the claim very weak.

It is undisputed that the account was never opened on the books of the American State Bank. If there is any liability on the part of the latter, it must arise through the letter written by the president of the bank, hereinbefore quoted, in which he authorized the township to make its deposits with the Lochmoor bank as agent of the American State Bank. The defendants claimed that while it was contemplated that an account would be opened with the American State Bank, that arrangement was never consummated. By its very terms, the bond given by the American State Bank, upon which suit is now brought, covered only deposits made with that institution. As a matter of convenience, the American State Bank, by its letter of December 13, 1930, authorized the township to make its deposits initially in the Lochmoor bank, which was to act as agent of the American State Bank solely for the receipt of such deposits, and was in turn to transmit the funds to that bank. However, it was still required that the account be ultimately carried with the American State Bank.

An examination of the record reveals that the township not only deposited its funds with the Lochmoor bank initially, but that the plaintiff, by its entire course of dealing with that bank up to the time of its closing, recognized the account as one with the Lochmoor bank as the sole and principal debtor, and not with the American State Bank. Throughout this entire period all deposits were made by the township on the deposit slips and in the passbook of the Lochmoor bank; monthly statements were furnished to the township by that bank, headed "In account with Lochmoor State Bank," and bearing the annotation, "If not correct report at once;" interest was received periodically by the township from the Lochmoor bank on its deposits; and all withdrawals were made by the township by checks drawn upon the Lochmoor bank. Although the Lochmoor bank and other banks in that community had formerly been designated as depositories by resolution of the township board, no official action was ever taken by the board to so designate the American State Bank. Furthermore, no signature card was ever signed by the township officials with the American State Bank. The Lochmoor bank made large deposits with the American State Bank, as its correspondent, and the amount so deposited naturally included township moneys originally placed with the Lochmoor bank. However, such deposits were all transmitted to the American State Bank to the credit of the Lochmoor bank, and not to the credit of the township. Furthermore, the sums varied in amount, and bore no relation whatever to the amount credited to the township on the books of the Lochmoor bank.

In holding that the account was with the Lochmoor bank, and not with the American State Bank,

we are primarily influenced, as was the trial judge, by the fact that from the time the account was opened until the closing of the Lochmoor bank in March, 1931, all withdrawals were made by the township by checks on that bank. The letter of the president of the American State Bank neither directly nor indirectly gave the township any right whatsoever to withdraw funds deposited with that institution by checks on the Lochmoor bank. Plaintiff's accountant testified that he was never informed from any source whatsoever that the sums of money deposited in the Lochmoor State Bank, in the account described as Lake township taxes, were not deposited with the American State Bank. This is incredible. The officers of the township must or should have known when they withdrew large sums of money by checks on the Lochmoor bank, rather than on the other bank, that their moneys were still on deposit there and were not being transmitted to the American State Bank. They were further put on notice when they received monthly statements from the Lochmoor State Bank showing the balances still due to the township from such bank, and also when they received periodical interest payments from the Lochmoor State Bank.

In view of these facts, we are forced to agree with the trial judge that the account was with the Lochmoor State Bank and not with the American State Bank. The trial judge had the opportunity of seeing the witnesses. His findings are supported by the great weight of the testimony, and the judgment in favor of the defendants is affirmed, with costs to the defendants.

NELSON SHARPE, C. J., and POTTER, NORTH, WIEST, and EDWARD M. SHARPE, JJ., concurred. FEAD and BUSHNELL, JJ., did not sit.